IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |  |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| TRANSOBTURATOR SLING PRODUCTS | * | 4:08-MD-2004 (CDL) |
| LIABILITY LITIGATION | * | 4:13-CV-366 (Newman) |
|  | * |  |

O R D E R

Plaintiff Wanda Newman filed this action alleging that she suffered injuries caused by Defendant Mentor Worldwide, LLC's ObTape product.  But Newman already settled her ObTape claims against Mentor.  Order of Dismissal 2, ECF No. 109 in 4:09-CV-5032; *accord* Def.'s Mot. for Summ. J. Ex. B, Confidential Settlement Agreement, General Release, and Waiver of Rights, ECF No. 22 in 4:13-CV-366.  The present lawsuit arises out of the same facts.  *Compare* Settlement Agreement ¶ I(B)(1) (stating that Newman agreed to resolve and settle all disputes in 4:09-CV-5032, related to the ObTape sling she received in September 2004) *with* Compl. ¶ 16, ECF No. 1-1 in 4:13-CV-336 (alleging that Newman was implanted with ObTape in September 2004).  Although Mentor notified Newman's counsel that Newman's ObTape claims had already been settled, Newman has not voluntarily dismissed this action.  Therefore, Mentor filed a summary judgment motion (ECF No. 21), which is granted.

*Res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (internal quotation marks omitted).  Res judicata bars a subsequent case if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Id.* (internal quotation marks omitted).  Newman, who did not respond to Mentor's summary judgment motion, cannot dispute that there was a final judgment on the merits in the prior action rendered by a court of competent jurisdiction.  In the settlement agreement, Newman stated that she intended "to resolve and settle forever any and all disputes and differences between [her] and Mentor . . . including . . . any and all rights and liabilities . . . in any way related to the Mentor ObTape sling implanted into . . . Newman on September 22, 2004."  Settlement Agreement ¶ I(B)(1).  Pursuant to that settlement agreement, she dismissed the prior action with prejudice.  Newman also cannot dispute that she and Mentor are the parties in both suits.  And she cannot dispute that her new action is based on the same facts underlying her prior action.  For all of these reasons, the doctrine of *res*

*judicata* bars Newman's present action, and Mentor's summary

judgment motion (ECF No. 21) is granted.

IT IS SO ORDERED, this 21st day of April, 2015.

S/Clay D. Land
——————————————————
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

3